UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| Regina C. Filannino-Restifo, on Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>-against-<br><br>TD Bank, N.A.,<br><br>Defendant. | **CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Regina C. Filannino-Restifo, by and through her undersigned attorneys, brings this action on behalf of herself and all others similarly situated, on personal knowledge as to herself and her activities, and on information and belief as to all other matters, against Defendant, TD Bank, N.A. ("TD Bank" or "Defendant"), and alleges as follows:

## NATURE OF THE ACTION

1.     This is a consumer class action on behalf of all deposit customers of TD Bank who have been harmed through the continued shortchanging of TD Bank's Penny Arcade machines.

2.     On April 6, 2016, NBC's "Today" show reported that TD Bank's Penny Arcades fail to accurately count the coins placed in them. The "Today" reporter tested TD Bank's Penny Arcade machines by placing $300 worth of coins in Penny Arcades at five different, random TD Bank locations. Each of these tests resulted in the Penny Arcade counting less than $300, with one machine counting only a total of $256.90 for the $300 worth of coins. The loss of $43 represents a loss of almost 15% of the actual coin value placed in the machine.

1

3.      Upon information and belief, TD Bank's Penny Arcade machines have continuously undercounted coins placed in them by consumers for years and resulted in the loss of millions of dollars for consumers.

4.      Defendant's continued shortchanging has deceived and harmed consumers. Consumers relied on Defendant's representation that the Penny Arcades would accurately count the coins placed inside the machine and therefore placed their coins in Penny Arcades expecting a fair and accurate tallying of the coin value.  Instead, Defendant deceptively short-changed consumers of their funds, and as a consequence, Plaintiff and all other members of the Class (as defined below) have a private right of action against TD Bank for damages.

## JURISDICTION AND VENUE

5.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2).  The aggregate claims of Plaintiff and the proposed Class members exceed $5,000,000, exclusive of interest and costs, and there is diversity of citizenship between at least one member of the proposed Class and Defendant.

6.      This Court has personal jurisdiction over Defendant because Defendant maintains its principle place of business in Cherry Hill, New Jersey.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because many of the acts and transactions giving rise to this action occurred in this District and because Defendant maintains its principle place of business within the District.

## PARTIES

*Plaintiff*

8.     Plaintiff Regina C. Filannino-Restifo is an individual residing in New York State.  During the relevant period, Plaintiff continually used Defendant's Penny Arcade machines and as a result of the deceptive conduct, suffered injury in fact and lost money. Plaintiff is a customer of Defendant and maintains an account at Defendant's Jefferson Valley, New York branch location.

*Defendant*

9.     Defendant TD Bank, N.A. is a national association, federally chartered pursuant to the National Bank Act, 12 U.S.C. § 38, *et seq.*, with its principal place of business in Cherry Hill, New Jersey.  Defendant maintains a branch location in Jefferson Valley, New York frequented by Plaintiff.

## FACTUAL ALLEGATIONS

*Background*

10.   Defendant describes itself as "America's Most Convenient Bank" and has built its brand around convenience.  Integral to its brand are its Penny Arcades, which Defendant describes as "one of the bank's most unique features and delivers the convenience for which TD Bank is so well known."

11.   The Penny Arcades are coin-counting machines available to customers (TD Bank accountholders) and non-customers within physical TD Bank branches.  In terms of function, the Penny Arcades can count up to 3,500 coins per minute and can count any U.S. coin except for silver dollars.

12.   To use the Penny Arcade, the consumer places coins in a tray in the Penny Arcade which allegedly sorts the coins and provides the customer with the total value of the coins.  The total value is printed on a receipt for the consumer to take to the bank's teller to receive the amount printed on the receipt in either cash or deposit.

13.   If the consumer is a bank customer, the coin counting service is free and considered an "exclusive Customer Benefit."  If the consumer is not a TD Bank customer, the consumer is charged an 8% usage fee for using the Penny Arcade to count the coins.

14.   In order to avoid the 8% usage fee, many consumers open accounts with TD Bank to take advantage of the customer benefit.  Indeed, Plaintiff utilizes the Jefferson Valley, New York branch of TD Bank for this exact benefit.  Plaintiff owns a number of coin-operated washing and drying machines and uses the Penny Arcade to count the coins from these machines on a regular basis.

15.   The Penny Arcades are such a large feature of the bank that the bank touted it had counted more than 29 billion coins in Penny Arcades in 2012.

16.   With the large volume of use, Defendant even states that the Penny Arcades are "tested at least 3 times a day to make sure it's accurate."  Despite these daily tests, the wide-scale misconduct was able to proliferate.

***The Truth Emerges***

17.   On April 6, 2016, NBC's "Today" show reported that TD Bank's Penny Arcades fail to accurately count the coins placed in the machines.  "Today" reported the failure in a 5-minute segment detailing Defendant's shortchanging of customers.

18.   The reporter conducted tests at five TD Bank locations in Manhattan by placing $300 worth of coins in each branch's Penny Arcade.  Each of these five tests resulted in a counted total value less than $300, with one machine counting only a total of $256.90 for the $300 worth of coins.  The loss of the $43 represents a loss of almost 15% of the actual coins placed in the Penny Arcade.

19.   This test was also conducted at competitor services without similar issues.

20.   In response to the investigation, TD Bank has ceased the use of its Penny Arcades, but consumers that have used the machines remain damaged.

## CLASS ALLEGATIONS

21.   Plaintiff brings this action on behalf of herself and members of a Class broken into two sub-classes defined as:

### New York Subclass

All persons or entities who used TD Bank's Penny Arcade coin-counting services in New York State as a deposit customer of TD Bank within six-years of the filing of this Complaint.

### Nationwide Subclass

All persons or entities who used TD Bank's Penny Arcade coin-counting services as a deposit customer of TD Bank within six-years of the filing of this Complaint.

22.   This action has been brought and may properly be maintained on behalf of the New York and Nationwide Subclasses proposed above under the criteria of Federal Rule of Civil Procedure 23 ("Rule 23"), insofar as the New York and Nationwide Subclasses meet all the requirements of Rule 23:

a.   ***Numerosity*:**  The members of the New York and Nationwide Subclasses are so numerous that their individual joinder is impracticable.  Plaintiff is informed and believes that the proposed New York and Nationwide Subclasses contain

thousands of customers who have been damaged by Defendant's conduct as alleged herein.  The precise number of New York and Nationwide Subclass members is unknown to Plaintiff.  The true number of New York and Nationwide Subclass members is known by Defendant, however, and thus potential class members may be notified of the pendency of this action by first class mail, electronic mail, and/or published notice.

      b.     ***Existence and Predominance of Common Questions of Law and Fact***:  This action involves common questions of law and fact, which predominate over any questions affecting individual New York and Nationwide Subclass members. Common questions of law and fact include, but are not limited to, the following:

    i.     Whether Defendant's Penny Arcades inaccurately provided coin-counting services;

    ii.     Whether Defendant had a duty to ensure that the Penny Arcades were accurately counting coins;

    iii.     Whether Defendant's use of Penny Arcades, which inaccurately counted coins, was a deceptive trade practice;

    iv.     Whether the alleged conduct constitutes unjust enrichment; and

    v.     Whether Plaintiff and New York and Nationwide Subclass members were damaged as a result of Defendant's deceptive practices, the amount of their monetary loss, and the proper measure of those damages.

      c.     ***Typicality***:  Plaintiff's claims are typical of the claims of the other members of the New York and Nationwide Subclasses because, *inter alia*, all New York and Nationwide Subclass members were injured through the uniform misconduct

described above.  Plaintiff is advancing the same claims and legal theories on behalf of herself and all members of the New York and Nationwide Subclasses.

d.   ***Adequacy of Representation*:**  Plaintiff will fairly and adequately protect the interests of the members of the New York and Nationwide Subclasses. Plaintiff has retained counsel experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously.  Plaintiff has no adverse or antagonistic interests to those of the New York and Nationwide Subclasses.

e.   ***Superiority*:**  A class action is superior to all other available means for the fair and efficient adjudication of this controversy.  The damages or other financial detriment suffered by individual subclass members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against Defendant.  It would thus be virtually impossible for the New York and Nationwide Subclasses, on an individual basis, to obtain effective redress for the wrongs done to them by Defendant.  Furthermore, individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding and presents no unusual management difficulties under the circumstances here.

23.   Unless the New York and Nationwide Subclasses is certified, Defendant will retain monies received as a result of its misconduct that were taken from Plaintiff and New York and Nationwide Subclass members.

## NOTICE TO N.J. ATTORNEY GENERAL OF ACTION

24.     Pursuant to N.J. Stat. Ann. §56:8-20, a copy of this Complaint will be mailed to the Attorney General within ten days of the filing of the Complaint.

## COUNT I
### Violation of New York General Business Law § 349
### (On behalf of the New York Subclass)

25.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 23 above, as if set forth fully herein.

26.     New York General Business Law ("GBL") § 349 prohibits "deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service" in New York State.

27.     Defendant conducted a business within the meaning of GBL § 349 by operating its branch locations within New York State.

28.     In the conduct of its business, Defendant engaged in deceptive acts and practices by offering the Penny Arcade as an accurate, coin-counting service, while the Penny Arcade did not provide this service.  Defendant misled customers about the accuracy of the Penny Arcade's service and, upon information and belief, concealed the material inaccuracy of its service.

29.     Defendant's deceptive acts alleged above, had a tendency or capacity to mislead, tended to create a false impression in consumers, and were likely to (and did in fact) deceive reasonable consumers, including Plaintiff and the other members of the Class.

30.     Plaintiff and the other members of the New York Subclass suffered ascertainable losses, caused by Defendant's conduct, by being shortchanged by the

Defendant's Penny Arcade machines. Thus, Plaintiff and the other members of the New York Subclass were injured by Defendant's conduct.

31.     As a direct and proximate result of Defendant's violations of GBL § 349, Plaintiff and the other members of the New York Subclass have suffered injury-in-fact or actual damage.

32.     Because Defendant's willful and knowing conduct caused injury to Plaintiff and the other members of the New York Subclass, they seek recovery of their actual damages or $50 for each claim, whichever is greater, discretionary treble damages up to $1,000 for each claim, punitive damages, reasonable attorneys' fees and costs, and any other just and proper relief available under GBL § 349.

## COUNT II
### Violation of New Jersey's Consumer Fraud Act  § 56-8:1 *et seq.*
### (On behalf of the Nationwide Subclass)

33.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 24 above, as if set forth fully herein.

34.     New Jersey's Consumer Fraud Act ("CFA") prohibits:

> The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby. . .

N.J.S.A. § 56-8:2.

35.     Defendant's principal place of business is New Jersey and is a person under the meaning of the CFA.

36.     In the conduct of its business, Defendant engaged in deceptive acts and practices by offering the Penny Arcade as an accurate, coin-counting service, while the Penny Arcade did not provide this service.  Defendant misled customers about the accuracy of the Penny Arcade's service and, upon information and belief, concealed the material inaccuracy of its service.

37.     Defendant's deceptive acts alleged above, had a tendency or capacity to mislead, tended to create a false impression in consumers, and were likely to (and did in fact) deceive reasonable consumers, including Plaintiff and the other members of the Nationwide Subclass.

38.     Plaintiff and the other members of the Nationwide Subclass suffered ascertainable losses, caused by Defendant's conduct, by being shortchanged by the Defendant's Penny Arcade machines. Thus, Plaintiff and the other members of the Nationwide Subclass were injured by Defendant's conduct.

39.     As a direct and proximate result of Defendant's violations of the CFA, Plaintiff and the other members of the Nationwide Subclass have suffered injury-in-fact or actual damage.

40.     Because Defendant's conduct caused injury to Plaintiff and the other members of the Nationwide Subclass, they seek recovery of their actual damages, discretionary treble damages, punitive damages, reasonable attorneys' fees and costs, and any other just and proper relief available under the CFA.

## COUNT III
### Unjust Enrichment
### (On behalf of the New York and Nationwide Subclasses)

41.     Plaintiff repeats and realleges the allegations contained above, as if set forth fully herein.

42.     Plaintiff brings this claim individually and on behalf of the Class.

43.     As a result of Defendant's deceptive conduct, Defendant was enriched at the expense of Plaintiff and all other Class members through their use of the Penny Arcades.  Plaintiff and the Class conferred benefit to Defendant by receiving less in cash and or a deposit than the amount of coins put into the Penny Arcade.

44.     TD Bank knowingly and willingly retained the undisclosed differences from consumers.

45.     Under the circumstances, it would be against equity and good conscience to permit Defendant to retain the ill-gotten benefits it received from Plaintiff and the Class as the result of its deceptive conduct.  Thus, it would be unjust or inequitable for Defendant to retain the benefit without restitution to Plaintiff and the Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment:

A.     Certifying the New York and Nationwide Subclasses as requested herein;

B.     Appointing Plaintiff as Class representative and her undersigned counsel as Class counsel;

C.     Awarding Plaintiff and the proposed New York and Nationwide Subclass members damages;

D.      Awarding restitution and disgorgement of Defendant's revenues to Plaintiff and the proposed New York and Nationwide Subclass members;

E.      Awarding attorneys' fees and costs; and

F.      Providing such further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial of her claims by jury to the extent authorized by law.

Dated: April 27, 2016                                DeNITTIS OSEFCHEN, P.C.


                                                     */s/ Stephen P. DeNittis*_____
                                                     Stephen P. DeNittis (SD-0016)
                                                     525 Route 73 North, Suite 410
                                                     Marlton, New Jersey 08053
                                                     Tel:  (856) 797-9951
                                                     Fax:  (856) 797-9978
                                                     sdenittis@denittislaw.com

                                                     and

                                                     WOLF HALDENSTEIN ADLER
                                                     FREEMAN & HERZ LLP


                                                     */s/ Jeffrey Smith*_____
                                                     Jeffrey Smith (pro hac vice pending)
                                                     Kevin G. Cooper (KC3244)
                                                     270 Madison Avenue
                                                     New York, New York 10016
                                                     Tel: (212) 545-4600
                                                     Fax: (212) 545-4653
                                                     smith@whafh.com
                                                     kcooper@whafh.com

JS 44   (Rev. 1/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a)  PLAINTIFFS

## DEFENDANTS

**(b)**  County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)**   Attorneys *(Firm Name, Address, Email and Telephone Number)*

Attorneys *(If Known)*

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❑ 1   U.S. Government
          Plaintiff

❑ 3   Federal Question
          *(U.S. Government Not a Party)*

❑ 2   U.S. Government
          Defendant

❑ 4   Diversity
          *(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                                      *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❑ 1 | ❑ 1 | Incorporated *or* Principal Place of Business In This State | ❑ 4 | ❑ 4 |
| Citizen of Another State | ❑ 2 | ❑ 2 | Incorporated *and* Principal Place of Business In Another State | ❑ 5 | ❑ 5 |
| Citizen or Subject of a Foreign Country | ❑ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❑ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❑ 625 Drug Related Seizure of Property 21 USC 881 | ❑ 422 Appeal 28 USC 158 | ❑ 375 False Claims Act |
| ❑ 120 Marine | ❑ 310 Airplane | ❑ 365 Personal Injury - | ❑ 690 Other | ❑ 423 Withdrawal | ❑ 376 Qui Tam (31 USC |
| ❑ 130 Miller Act | ❑ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ❑ 140 Negotiable Instrument | Liability | ❑ 367 Health Care/ | | | ❑ 400 State Reapportionment |
| ❑ 150 Recovery of Overpayment | ❑ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ❑ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ❑ 820 Copyrights | ❑ 430 Banks and Banking |
| ❑ 151 Medicare Act | ❑ 330 Federal Employers' | Product Liability | | ❑ 830 Patent | ❑ 450 Commerce |
| ❑ 152 Recovery of Defaulted | Liability | ❑ 368 Asbestos Personal | | ❑ 840 Trademark | ❑ 460 Deportation |
| Student Loans | ❑ 340 Marine | Injury Product | | | ❑ 470 Racketeer Influenced and |
| (Excludes Veterans) | ❑ 345 Marine Product | Liability | | **LABOR** | Corrupt Organizations |
| ❑ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ❑ 710 Fair Labor Standards | **SOCIAL SECURITY** | ❑ 480 Consumer Credit |
| of Veteran's Benefits | ❑ 350 Motor Vehicle | ❑ 370 Other Fraud | Act | ❑ 861 HIA (1395ff) | ❑ 490 Cable/Sat TV |
| ❑ 160 Stockholders' Suits | ❑ 355 Motor Vehicle | ❑ 371 Truth in Lending | ❑ 720 Labor/Management | ❑ 862 Black Lung (923) | ❑ 850 Securities/Commodities/ |
| ❑ 190 Other Contract | Product Liability | ❑ 380 Other Personal | Relations | ❑ 863 DIWC/DIWW (405(g)) | Exchange |
| ❑ 195 Contract Product Liability | ❑ 360 Other Personal | Property Damage | ❑ 740 Railway Labor Act | ❑ 864 SSID Title XVI | ❑ 890 Other Statutory Actions |
| ❑ 196 Franchise | Injury | ❑ 385 Property Damage | ❑ 751 Family and Medical | ❑ 865 RSI (405(g)) | ❑ 891 Agricultural Acts |
| | ❑ 362 Personal Injury - | Product Liability | Leave Act | | ❑ 893 Environmental Matters |
| | Medical Malpractice | | ❑ 790 Other Labor Litigation | | ❑ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❑ 791 Employee Retirement | **FEDERAL TAX SUITS** | Act |
| ❑ 210 Land Condemnation | ❑ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ❑ 870 Taxes (U.S. Plaintiff | ❑ 896 Arbitration |
| ❑ 220 Foreclosure | ❑ 441 Voting | ❑ 463 Alien Detainee | | or Defendant) | ❑ 899 Administrative Procedure |
| ❑ 230 Rent Lease & Ejectment | ❑ 442 Employment | ❑ 510 Motions to Vacate | | ❑ 871 IRS—Third Party | Act/Review or Appeal of |
| ❑ 240 Torts to Land | ❑ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ❑ 245 Tort Product Liability | Accommodations | ❑ 530 General | | | ❑ 950 Constitutionality of |
| ❑ 290 All Other Real Property | ❑ 445 Amer. w/Disabilities - | ❑ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ❑ 462 Naturalization Application | | |
| | ❑ 446 Amer. w/Disabilities - | ❑ 540 Mandamus & Other | ❑ 465 Other Immigration | | |
| | Other | ❑ 550 Civil Rights | Actions | | |
| | ❑ 448 Education | ❑ 555 Prison Condition | | | |
| | | ❑ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

❑ 1   Original
          Proceeding

❑ 2  Removed from
          State Court

❑ 3   Remanded from
          Appellate Court

❑ 4  Reinstated or
          Reopened

❑ 5  Transferred from
          Another District
          *(specify)*

❑ 6  Multidistrict
          Litigation

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII.  REQUESTED IN
           COMPLAINT:

❑   CHECK IF THIS IS A **CLASS ACTION**
          UNDER RULE 23, F.R.Cv.P.

DEMAND $
**over $5 million**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**        ❑ Yes    ❑ No

## VIII.  RELATED CASE(S)
            IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #  _____     AMOUNT  _____     APPLYING IFP  _____     JUDGE  _____     MAG. JUDGE  _____