UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

REGINA C. FILANNINO-RESTIFO, on
Behalf of Herself and All Others
Similarly Situated,

                    Plaintiff,

       -vs.-

TD BANK, N.A,

                 Defendant.

Case No.: 16-2374 (JBS-JS)

DAVID DIAZ and RYAN FRANCO,
Individually and on Behalf of All
Others Similarly Situated,

                    Plaintiffs,

       -vs.-

TD BANK, N.A,

                 Defendant.

Case No.: 16-2395 (JBS-JS)

NONA LUCE, on Behalf of Herself and
All Others Similarly Situated,

                    Plaintiff,

       -vs.-

TD BANK, N.A,

                 Defendant.

Case No.: 16-2621 (JBS-JS)

DAVID SPECTOR, on Behalf of
Himself and All Others Similarly
Situated,

                    Plaintiff,

       -vs.-

TD BANK, N.A,

                 Defendant.

Case No.: 16-2682 (JBS-JS)

DAVID McENERNEY, on Behalf of
Himself and All Others Similarly
Situated,

                        Plaintiff,

            -vs.-

TD BANK, N.A,

                        Defendant.

Case No.:16-2918(JBS-JS)

---

CHRISTINE KRULAN, Individually and
on Behalf of All Other Persons
Similarly Situated,

                        Plaintiffs,

            -vs.-

TD BANK, N.A,

                        Defendant.

Case No.: 16-02919 (JBS-JS)

---

JUAN CARLOS MACIAS, Individually
and on Behalf of All Other Persons
Similarly Situated,

                        Plaintiffs,

            -vs.-

TD BANK, N.A,

                        Defendant.

Case No.: 16-03420 (JBS-JS)

---

JEFFREY FEINMAN, Individually and
on Behalf of All Other Persons
Similarly Situated,

                        Plaintiffs,

            -vs.-

TD BANK, N.A,

                        Defendant.

Case No.: 16-2621 (JBS-JS)

ORDER PRELIMINARILY CERTIFYING SETTLEMENT CLASSES,
GRANTING PRELIMINARY APPROVAL OF SETTLEMENT, AND
APPROVING CLASS NOTICE

THIS MATTER having been opened to the Court by Interim Class Counsel, on behalf of Regina C. Filannino-Restifo, David Diaz, Ryan Franco, Nona Luce, David Spector, David McEnerney, Christine Krulan, Juan Carlos Macias, Crossroad Foundation, Andrew Sobczak, Alexis Mullen, Tracy Olechowski and Jeffrey Feinman (the "Representative Plaintiffs") by way of their unopposed motion for preliminary approval of their proposed settlement with TD Bank, N.A. ("TD Bank" and, with Representative Plaintiffs, the "Parties") in the above Actions;

WHEREAS, the Court having reviewed and considered the motion for preliminary approval and supporting materials filed by Interim Class Counsel, and having also reviewed the court file in these Actions; and

WHEREAS, this Court has fully considered the record and the requirements of law; and good cause appearing;

IT IS ON THIS 12ᵗʰ day of July , 2017

ORDERED that the settlement (including all terms of the Settlement Agreement and Release, dated May 20, 2017, between Representative Plaintiffs and TD Bank, and exhibits thereto, and the Addendum to the Settlement Agreement, dated June 7, 2017) (the "Agreement") is hereby PRELIMINARILY APPROVED.

3

The Court further finds and orders as follows[1]:

1.    The Court has subject matter jurisdiction under 28 U.S.C. § 1332, and venue is proper in this district.

2.    The Court has personal jurisdiction over the Representative Plaintiffs, Class Members, and TD Bank.

3.    The Agreement appears to be the product of serious, informed, non-collusive, and good faith negotiations between the parties.   The Agreement falls well within the range of reason. The Agreement has no obvious deficiencies.   The Agreement does not unreasonably favor the Representative Plaintiffs or any segment of the Class.

4.    Because the Agreement meets the standards for preliminary approval, the Court preliminarily approves all terms of the Agreement and all of its exhibits.

5.    The Court finds, for settlement purposes only, that all requirements of Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied, including that the proposed settlement class is currently and readily ascertainable based on objective criteria. The Court certifies the Settlement Class, as follows:

> All persons in the United States who, between April 11, 2010 and Preliminary Approval, used a TD Bank Penny Arcade machine to exchange coins for a credit to a TD Bank Account or for cash.   Excluded from the Settlement

---

[1] To the extent not otherwise defined herein, all defined terms in this Order shall have the meaning assigned in the Agreement.

Class are all current TD Bank employees, officers and directors, counsel for TD Bank, Class Counsel, the judges presiding over the Actions, and the immediate family members of such judges.

6.    The Court conditionally certifies the proposed Class, and finds that the requirements of Rule 23(a) are satisfied, for settlement purposes only, as follows:

a)    Pursuant to Fed. R. Civ. P. 23(a)(1), the members of the Class are so numerous that joinder of all members is impracticable.

b)    Pursuant to Fed. R. Civ. P. 23(a)(2) and 23(c)(1)(B), the Court determines that there are common issues of law and fact for the Class as follows:

1)    Whether all of TD Bank's Penny Arcades shortchanged customers;

2) When TD Bank first became aware (or should have become aware) that its Penny Arcades were shortchanging customers;

3)    Whether the Penny Arcades' shortchanging customers is a violation of the New Jersey Consumer Fraud Act;

4) Whether TD Bank knew or should have known that its Penny Arcades were shortchanging customers.

c)    The   Court   hereby   appoints   the   following Representative Plaintiffs as Class Representatives:

> Regina C. Filannino-Restifo, David Diaz, Ryan Franco,  Nona  Luce,  David  Spector,  David McEnerney,  Christine  Krulan,  Juan  Carlos Macias, Crossroad Foundation, Andrew Sobczak, Alexis Mullen, Tracy Olechowski and Jeffrey Feinman

d)    Pursuant  to  Fed.  R.  Civ.  P.  23(a)(3),  the Representative Plaintiffs have claims that are typical of the claims of the class, because their claims are based on the same allegedly unlawful conduct by TD that is the basis of the claims by other class members, and their allegations against TD are based on the same legal theories as the allegations of other class members.

e)    Pursuant  to  Fed.  R.  Civ.  P.  23(a)(4),  the Representative Plaintiffs will fairly and adequately protect and represent the interests of all members of the Class, and the interests of the Representative Plaintiffs are not antagonistic to those of the Class.   Furthermore, the Representative Plaintiffs are represented by counsel who is experienced and competent in the prosecution of complex class action litigation.

6

7.   The Court further finds, for settlement purposes only, that the requirements of Rule 23(b)(3) are satisfied, as follows:

a)   Questions of law and fact common to the members of the Class, as described above, predominate over questions that may affect only individual members;

b)   A class action is superior to all other available methods for the fair and efficient adjudication of this controversy; and

c)   The class is currently and readily ascertainable based on objective criteria. The proposed method for ascertaining class members is reliable, administratively feasible, and permits TD to challenge the evidence used to prove class membership.

8.   The Court finds that the content of the Mailed Notice, Publication Notice, and Long-Form Notice on the Settlement Website attached to this Order as Exhibits 1, 2 and 3 satisfy the requirements of Fed. R. Civ. P. 23(c)(2), Fed. R. Civ. P. 23(e)(1) and due process, and accordingly approves each such Notice.

9.   This Court further approves the proposed methods for giving notice of the settlement to Class Members and processing Claims filed by Class Members, as reflected in the Agreement and the motion for preliminary approval, including the appointment of Garden City Group, LLC as Settlement Administrator. The Court has reviewed the notices attached as exhibits to this Order, and the

notice procedures as outlined in the Affidavit of Shandarese Garr of Garden City Group, dated June 23, 2017, and finds that the Class Members will receive the best notice practicable under the circumstances. The Court specifically approves the Parties' proposal to use reasonable diligence to identify potential class members and an associated address in TD Bank's records, and their proposal to direct the Notice Administrator to use this information to mail class members notice via first class mail and electronic mail. The Court also orders payment of notice costs as provided in the Agreement. The Court finds that these procedures, carried out with reasonable diligence, will constitute the best notice practicable under the circumstances and will satisfy the requirements of Fed. R. Civ. P. 23(c)(2), Fed. R. Civ. P. 23(e)(1), and due process.

10. The Court hereby appoints Bruce H. Nagel of Nagel Rice, LLP ("Nagel"), Michael Criden of Criden & Love, P.A. ("Criden"), Jeffrey Smith of Wolf Haldenstein Adler Freeman & Herz, LLP ("Wolf"), and John Radice of Radice Law Firm ("Radice") as Class Counsel pursuant to Rule 23(g) and preliminarily finds that they fairly and adequately represent the interests of the Class. The Court further appoints Stephen DeNittis to serve as liaison counsel for the Class in this action.

11. The Court directs that pursuant to Fed. R. Civ. P. 23(e)(2) a hearing will be held on January 11, 2018 at 1:30 p.m.,

to consider final approval of the Agreement (the "Final Approval Hearing" or "Fairness Hearing") including, but not limited to, the following issues:  (a) whether the Class should be certified, for settlement purposes only; (b) the fairness, reasonableness, and adequacy of the settlement; (c) Class Counsel's application for an award of attorneys' fees and costs; and (d) approval of an award of service payments to the Representative Plaintiffs.  The Final Approval Hearing may be adjourned by the Court and the Court may address the matters set out above, including final approval of the Agreement, without further notice to the Class other than notice that may be posted at the Court and on the Court's and Settlement Administrator's websites.

12.  Persons wishing to object to the proposed Settlement and/or be heard at the Fairness Hearing shall follow the following procedures:

a.  Objections to the Settlement or to the application for Attorneys' Fees and Service Awards must be electronically filed with the Court, or mailed to the Clerk of the Court, with a copy to Class Counsel and TD Bank's counsel.  For an objection to be considered by the Court the objection must be: (a) electronically filed by the Objection Deadline; or (b) mailed first-class postage prepaid to the Clerk of Court, Class Counsel, and TD Bank's counsel, at the addresses listed

9

in the Notice, and postmarked by no later than the Objection Deadline, as specified in the Notice.

b.    For an objection to be considered by the Court, the objection must also set forth:

1.    that it relates to the Actions, for which it shall be deemed sufficient to identify any of the Actions;

2.    the objector's full name, address, email address, and telephone number;

3.    an explanation of the basis upon which the objector claims to be a Settlement Class Member;

4.    all grounds for the objection, accompanied by any legal support for the objection;

5.    the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement, the application for Attorneys' Fees, or the application for Service Awards;

6.    the identity of all counsel representing the objector who will appear at the Final Approval Hearing;

7.    a list of any persons who will be called to testify at the Final Approval Hearing in support of the objection;

8.   a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

9.   the objector's signature (an attorney's signature is not sufficient).

13.   Members of the Class who elect not to participate in the settlement ("Opt-Outs") must submit a written request for exclusion that is postmarked no later than October 27, 2017.  The written notification must include the individual's name and address; a statement that he or she wants to be excluded from the Settlement in *Filannino-Restifo v. TD Bank, N.A.*, No. 16-cv-2374; *Diaz v. TD Bank, N.A.*, No. 16-cv-2395; *Luce v. TD Bank, N.A.*, No. 16-cv-2621; *Spector v. TD Bank, N.A.*, No. 16-cv-2682; *McEnerney v. TD Bank, N.A.*, No. 16-cv-2918; *Krulan v. TD Bank, N.A.*, No. 16-cv-2919; *Macias v. TD Bank, N.A.*, No. 16-cv-3420; or *Feinman v. TD Bank, N.A.*, No. 16-cv-3435; and the individual's signature.  The Settlement Administrator shall provide the Parties with copies of all completed opt-out notifications, and a final list of all who have timely and validly excluded themselves from the Settlement Class, which Class Counsel shall move to file under seal with the Court no later than 10 days prior to the Final Approval Hearing.

14.   Any member of the Class failing to properly and timely mail such a written notice of exclusion shall be automatically included in the Classes and shall be bound by all the terms and

provisions of the Agreement and the settlement, including the release, and Order of Final Judgment.

15.  The following are the deadlines for the following events:

| EVENT | DATE |
|---|---|
| Notice of Class Action Settlement Mailed and Posted on Internet ("Notice Deadline")(60 days from the date Preliminary Approval of the Settlement is granted) | 08/28/2017 |
| Notice of Class Action Settlement (CAFA Notice) | 06/1/2017 |
| Postmark/Filing Deadline for Requests for Exclusions, and Objections ("Objection Deadline")(60 days from Notice Deadline) | 10/27/2017 |
| Service/Filing Notice of Appearance at Fairness Hearing (60 days from Notice Deadline) | 10/27/2017 |
| Affidavit of Compliance with Notice Requirements and Report of Exclusions and Objections (14 days prior to the date of the Fairness Hearing) | 12/26/2017 |
| Filing Motion for Final Approval, Attorney Fees, Reimbursement of Expenses, and Service Awards To be Filed by Class Counsel  (No later than 21 days prior to Fairness Hearing) | 12/19/2017 |
|  | 1/11/2018 |

Fairness Hearing(at least 180
days from date of Preliminary
Approval of Settlement is
granted)

16.  In the event that the settlement does not become effective for any reason, this Preliminary Approval Order and Judgment shall be rendered null and shall be vacated, and all orders entered in connection herewith shall be null and void to the extent provided by and in accordance with the Agreement.  If the settlement does not become effective, TD Bank and any other Releasing Parties (as defined in the Agreement) shall have retained any and all of their current defenses and arguments thereto (including but not limited to arguments that the requirements of Fed. R. Civ. P. 23(a) and (b)(3) are not satisfied for purposes of continued litigation).  These Actions shall thereupon revert immediately to their respective procedural and substantive status prior to the date of execution of the Agreement and shall proceed as if the Agreement and all other related orders and papers had not been executed.

17.  Nothing in this Preliminary Approval Order and Judgment, the Agreement, or any documents or statements related thereto, is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by TD Bank, or an admission of the propriety of class

13

certification for any purposes other than for purposes of the current proposed settlement and Agreement.

18.   All other proceedings in the Actions are hereby stayed until such time as the Court renders a final decision regarding approval of the proposed settlement.  No discovery with regard to any of these Actions, or with respect to this settlement, shall be permitted other than as may be directed by the Court upon a proper showing by the party seeking such discovery by motion properly noticed and served in accordance with this Court's Local Rules. In addition, pending a determination on final approval of the settlement, all Class Members are hereby barred and enjoined from commencing or prosecuting any action involving any Released Claims (as defined in the Agreement).

19.   The Court shall retain continuing jurisdiction over the Actions, the Parties and the Class, and the administration, enforcement, and interpretation of the Agreement.  Any disputes or controversies arising with respect to the Agreement shall be presented by motion to the Court, provided, however, that nothing in this paragraph shall interfere with the Parties' rights under Paragraphs 16 and 18 of this Order.

JEROME B. SIMANDLE, U.S.D.J.

14

# Exhibit 1

*Penny Arcade Settlement*
c/o GCG
PO Box 10470
Dublin, OH 43017-4070

Forwarding Service Requested

**Important Notice About TD
Bank "Penny Arcade" Coin-
Counting Machine Settlement**

If you Used a Penny Arcade Coin-
Counting Machine at a TD Bank,
N.A. Store, You May Be Eligible
for a Payment from a Class Action
Settlement.

**Your Reference Number is:**
<<ClaimNo>>

For more information visit:
www.pennyarcadesettlement.com

<>
<>
<>
<>
<>
<<city>>, <<state>> <> <>
<<Country>>

A settlement has been proposed to resolve lawsuits against TD Bank, N.A. about Penny Arcade coin-counting machines. TD denies any wrongdoing but has agreed to a settlement to avoid litigation costs.

**Who's Included?** Anyone who used a Penny Arcade machine to exchange coins for a TD account credit or cash between April 11, 2010 and June XX, 2017 ("Class Period").

**What Does the Settlement Provide?** TD will create a **$7,500,000** fund to make payments to class members and up to $100,000 in litigation costs. Each class member's exact payment cannot be determined now, but payments will be calculated by applying a multiplier of 0.26% (based on extensive third-party testing of machine accuracy) to identifiable class members' Penny Arcade transactions during the Class Period, after which any additional amount in the fund will be added pro rata to each class member's payment. This means payments to class members will likely be at least 26¢ per $100 exchanged using Penny Arcade during the Class Period. Any amount remaining after all payments will be donated to one or more court-approved non-profit organizations. TD will also pay attorneys' fees of up to $1,935,000 and service payments of up to $65,000 to the named plaintiffs. TD will not resume using the machines at issue in the lawsuits to provide self-service coin counting in TD stores.

**How Do I Get a Payment?** Class members who held TD checking, savings, or personal or business loan accounts when they used Penny Arcade will receive payments automatically by account credit or check. Class members who did not hold such accounts when they used Penny Arcade may seek a payment by submitting a Claim Form, available at **www.pennyarcadesettlement.com**.

**Your Rights May Be Affected.** Unless you exclude yourself from the Settlement, you will be bound by its terms. To opt out, you must write to Penny Arcade Settlement, c/o GCG, PO Box 10470, Dublin, OH 43017-4070 by **October 27, 2017**. Visit **www.pennyarcadesettlement.com** or call **855-312-1974** toll-free to learn more about how to opt out or object. The Court will hold a hearing on **January 11, 2018** at the U.S. Courthouse, 4th & Cooper Streets, Camden, NJ 08101, to decide whether to approve the Settlement. You or your attorney may appear at the hearing at your expense but it is not required.

# Exhibit 2

**Legal Notice**

# If You Used a Penny Arcade Coin-Counting Machine at a TD Bank, N.A. Store between April 11, 2010 and [date of preliminary approval], You May Be Eligible for a Payment from a Class Action Settlement

### What Is This Notice?

A settlement has been proposed to resolve lawsuits against TD Bank, N.A. ("TD") about Penny Arcade coin-counting machines. TD denies any wrongdoing but has agreed to a settlement to avoid litigation costs.

### Who Is Included?

The settlement class includes anyone who used a Penny Arcade machine to exchange coins for a TD account credit or cash between April 11, 2010 and [date of preliminary approval] ("Class Period").

### What Are The Settlement Terms?

TD will create a $7,500,000 fund to make payments to class members and up to $100,000 in litigation costs. Each class member's exact payment cannot be determined now, but payments will be calculated by applying a multiplier of 0.26% (based on extensive third-party testing of machine accuracy) to identifiable class members' Penny Arcade transactions during the Class Period, after which any additional amount in the fund will be added pro rata to each class member's payment. This means payments to class members will likely be at least 26¢ per $100 exchanged using Penny Arcade during the Class Period. For class members who did not hold TD accounts when they used Penny Arcade and cannot provide suitable documentation, any settlement payments will be based on an assumed maximum transaction amount of $500.00. Any amount remaining after all payments will be donated to one or more court-approved non-profit organizations. TD will also pay attorneys' fees of up to $1,935,000 and service payments of up to $65,000 to the named plaintiffs. TD will not resume using the machines at issue that are the subject of the Settlement to provide self-service coin-counting in TD Bank stores.

### How Do I Get a Settlement Payment?

Class members who held TD checking, savings, personal loan, or business loan accounts when they used Penny Arcade will receive payments automatically by account credit, check, or other similar means. Class members who did not hold such accounts when they used Penny Arcade may seek a payment by submitting a Claim Form, available at www.pennyarcadesettlement.com.

### How Do I Submit A Claim?

You can view and print a Claim Form at www.pennyarcadesettlement.com. You can also request a Claim Form by calling 855-312-1974, or by emailing or writing to the settlement administrator. You can submit a Claim online or by mail. The deadline to submit a Claim is October 27, 2017.

### Your Rights May Be Affected.

Unless you exclude yourself from the settlement, you will be bound by its terms. To opt out, you must write to Penny Arcade Settlement, c/o GCG, P.O. Box 10470, Dublin, OH 43017-4070 by October 27, 2017. If you do not opt out, you may object to the settlement by October 27, 2017. Call 855-312-1974 toll-free or visit www.pennyarcadesettlement.com to learn more about how to opt out or object to the settlement.

### When Will The Hearing Be Held To Determine Approval Of The Settlement, And Where?

The Court will hold a hearing on January 11, 2018 at 1:30 p.m. at the U.S. District Court for the District of New Jersey, located at the Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Camden, NJ, to decide whether to approve the settlement and plaintiffs' counsel's request for attorneys' fees, litigation costs, and service payments to the named plaintiffs. You or your attorney may appear at the hearing at your expense but it is not required. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check the settlement website for updates.

### Who Are The Lawyers For The Class?

The Court has appointed Stephen P. DeNittis of DeNittis Osefchen Prince, P.C. as Settlement Liaison Counsel.

**www.PennyArcadeSettlement.com**

# Exhibit 3

<u>UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY</u>

**If You Used a Penny Arcade Machine at a TD Bank, N.A. Store,
You May be Eligible for a Payment from a Class Action Settlement.**

*A federal court authorized this notice.  This is not a solicitation from a lawyer.*

- A Settlement has been reached in class action lawsuits challenging the accuracy of Penny Arcade coin-counting machines at TD Bank, N.A. ("TD Bank") stores.  TD Bank denies any liability or wrongdoing, and the Court has not decided which side is right.  However, to settle the case and avoid the costs and risks of litigation, TD Bank has agreed to a settlement.

- You are a member of the Settlement Class, and you may be eligible for a payment from the Settlement Fund, if you used a TD Bank Penny Arcade coin-counting machine to exchange coins for a credit to a TD Bank account or for cash, between April 11, 2010 and [date of preliminary approval] (the "Class Period").

- Your legal rights are affected whether you act or don't act.  Please read this notice carefully.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **GET A PAYMENT OR ACCOUNT CREDIT AUTOMATICALLY** | If you conducted a Penny Arcade transaction during the Class Period at a time when you held a TD Bank checking, savings, personal loan, or business loan account ("Account"), you do not have to do anything to receive a Settlement Payment.  Your Settlement Payment based on such transaction(s) will be made automatically by account credit or by check if the Court approves the Settlement and it becomes final. |
| **SUBMIT A CLAIM FORM BY OCTOBER 27, 2017** | If you conducted a Penny Arcade transaction during the Class Period at a time when you did not hold a TD Bank Account, you must submit a Claim Form by October 27, 2017 to be eligible to receive a Settlement Payment based on such transaction(s). |
| **EXCLUDE YOURSELF BY OCTOBER 27, 2017** | Get no benefits from the Settlement.  If you exclude yourself from the Settlement, you will receive no benefits from the Settlement.  This is the only option that allows you to participate in any other lawsuit against TD Bank about the issues in this case. |
| **OBJECT BY OCTOBER 27, 2017** | Write to the Court if you don't like the Settlement.  You may object to the Settlement and still receive a Settlement Payment if the Settlement is approved by the Court. |
| **GO TO A HEARING ON JANUARY 11, 2018** | Ask to speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | If you conducted a Penny Arcade transaction during the Class Period at a time when you held a TD Bank Account, you will still receive any Settlement Payment to which you are entitled if you take no action, and you will give up your right to participate in further litigation against TD Bank about the issues in this case.<br><br>If you conducted a Penny Arcade transaction during the Class Period at a time when you did <u>not</u> hold a TD Bank Account, but you take no action, you will not receive a Settlement Payment, and you will give up your right to participate in further litigation against TD Bank about the claims in this case. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court still has to decide whether to approve the Settlement.  If it does, and any appeals are resolved, benefits will be distributed to those who qualify.  Please be patient.

| What This Notice Contains |
|---|

**BASIC INFORMATION**..................................................................................................................... 3

    1.  Why is there a notice? ..................................................................................... 3
    2.  What is this litigation about?............................................................................ 3
    3.  What is a Penny Arcade machine? .................................................................. 3
    4.  Why is this a class action? .............................................................................. 3
    5.  Why is there a Settlement? ............................................................................. 3

**WHO IS PART OF THE SETTLEMENT** ....................................................................................... 3

    6.  Who is included in the Settlement? ................................................................. 3
    7.  What if I am not sure whether I am included in the Settlement? ...................... 3

**THE SETTLEMENT BENEFITS** ................................................................................................. 4

    8.  What does the Settlement provide? ................................................................. 4
    9.  How much will my payment be? ....................................................................... 4
    10.  When will I receive my payment? ................................................................... 4
    11.  What am I giving up to stay in the Settlement Class?....................................... 4

**HOW TO RECEIVE A PAYMENT** ............................................................................................... 4

    12.  How can I receive a payment? ....................................................................... 4
    13.  Can I get an automatic payment *and* submit a Claim?................................... 5
    14.  How do I submit a Claim for a non-automatic payment?.................................. 5
    15.  How will my Claim be decided?....................................................................... 5

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ............................................................... 6

    16.  How do I get out of the Settlement? ............................................................... 6
    17.  If I do not exclude myself, can I sue or bring an arbitration against TD Bank
        for the same thing later? ................................................................................ 6
    18.  If I exclude myself, can I still get a payment?.................................................. 6

**THE LAWYERS REPRESENTING YOU** ..................................................................................... 6

    19.  Do I have a lawyer in the case? ..................................................................... 6
    20.  How will the lawyers be paid? ........................................................................ 6

**OBJECTING TO THE SETTLEMENT** ........................................................................................ 7

    21.  How do I tell the Court if I do not like the Settlement? .................................... 7
    22.  What is the difference between objecting and asking to be excluded?.............. 7

**THE FINAL APPROVAL HEARING**............................................................................................ 7

    23.  When and where will the Court decide whether to approve the Settlement? ..... 7
    24.  Do I have to attend the hearing? .................................................................... 8
    25.  May I speak at the hearing? ........................................................................... 8

**GETTING MORE INFORMATION** .............................................................................................. 8

    26.  How do I get more information? ...................................................................... 8

## BASIC INFORMATION

### 1. Why is there a notice?

A Court authorized this notice because you have a right to know about a proposed Settlement of these class action lawsuits and about all of your options before the Court decides whether to give final approval to the Settlement. This notice explains the lawsuits, the Settlement, and your legal rights.

The lawsuits involved in the Settlement are *Macias v. TD Bank, N.A.*, No. 16-cv-3420 (D.N.J.); *Feinman v. TD Bank, N.A.*, No. 16-cv-3435 (D.N.J.); *Luce v. TD Bank, N.A.*, No. 16-cv-2621 (D.N.J.); *Filannino-Restifo v. TD Bank, N.A.*, No. 16-cv-2374 (D.N.J.); *Diaz v. TD Bank, N.A.*, No. 16-cv-2395 (D.N.J.); *Spector v. TD Bank, N.A.*, No. 16-cv-2682 (D.N.J); *Krulan v. TD Bank, N.A.*, No. 16-cv-2919 (D.N.J.); *McEnerney v. TD Bank, N.A.*, No. 16-cv-2918 (D.N.J.). Judge Jerome B. Simandle and Magistrate Judge Joel Schneider of the United States District Court for the District of New Jersey are overseeing the lawsuits. The people who filed the lawsuits are called the "Plaintiffs." TD Bank, N.A. ("TD Bank") is the "Defendant."

### 2. What is this litigation about?

The lawsuits challenge the accuracy of Penny Arcade coin-counting machines at TD Bank stores. The lawsuits claim that users of the machines did not receive the full value of the coins they deposited into the machines. The complaints in the lawsuits are posted on the website www.pennyarcadesettlement.com and contain all the allegations and claims asserted against TD Bank. TD Bank denies any wrongdoing or liability but has agreed to settle the lawsuits to avoid the costs and risks of litigation.

### 3. What is a Penny Arcade machine?

Penny Arcade was a coin-counting service provided at TD Bank Stores. Users deposited coins into the machine to be counted. The machine issued a receipt reflecting the counted amount. The user could redeem the receipt with a teller and either deposit the funds (if the user held a TD Bank checking, savings, personal loan, or business loan account ("Account")) or receive cash.

### 4. Why is this a class action?

In a class action, one or more people called "Class Representatives" (in this case, thirteen people and entities who claim to have used Penny Arcade machines) sue on behalf of themselves and other people with similar claims. Together, all the people with similar claims (except those who exclude themselves) are members of a "Settlement Class."

### 5. Why is there a Settlement?

The Court has not decided which side is right. Instead, both sides have agreed to a Settlement. By agreeing to the Settlement, both sides avoid the costs and uncertainty of a trial, and Settlement Class Members receive the benefits described in this notice. The proposed Settlement does not mean that any law was broken or that TD Bank did anything wrong. TD Bank denies all legal claims in this case. Class Representatives and their lawyers ("Class Counsel") think the proposed Settlement is best for everyone who is affected.

## WHO IS PART OF THE SETTLEMENT?

If you received notice of the Settlement by a postcard addressed to you, then you are a Settlement Class Member. But even if you did not receive a postcard, you may be a Settlement Class Member, as described below.

### 6. Who is included in the Settlement?

You are a member of the Settlement Class if you used a TD Bank Penny Arcade coin-counting machine to exchange coins for a credit to a TD Bank Account or for cash between April 11, 2010 and [date of preliminary approval] (that is, during the "Class Period").

### 7. What if I am not sure whether I am included in the Settlement?

If you are not sure whether you are in the Settlement Class, or have any other questions about the Settlement, visit the Settlement website at www.pennyarcadesettlement.com or call the toll free number, 1-855-312-1974. You may also send questions to the Settlement Administrator at questions@pennyarcadesettlement.com or Penny Arcade Settlement, c/o GCG, PO Box 10470, Dublin, OH 43017-4070.

**THE SETTLEMENT BENEFITS**

| 8.  What does the Settlement provide? |
| --- |

If the Settlement is approved and becomes final, it will provide benefits to Settlement Class Members.  TD Bank will pay $7,500,000 to establish a Settlement Fund. The Settlement Fund will be used to make payments to eligible Settlement Class Members, as well as covering up to $100,000 in litigation costs incurred by Class Counsel (*see* Question 20). TD Bank will also pay an award of attorneys' fees, plus a special service payment to the thirteen Class Representatives who initiated the lawsuit (*see* Question 20).  The attorneys' fee and service awards will be in amounts to be determined by the Court, but the attorneys' fee award may not exceed $1,935,000, and the service awards taken all together may not exceed $65,000. TD Bank will also pay costs associated with administering the Settlement. If there are any funds remaining in the Settlement Fund after the payments to Settlement Class Members and of Class Counsel's litigation costs, all remaining funds will be distributed to a nonprofit organization or organizations agreed upon by Class Counsel and TD Bank and approved by the Court. Finally, TD Bank has agreed not to resume using the Penny Arcade coin-counting machines that are the subject of the Settlement to provide customer self-service coin-counting in TD Bank Stores.

| 9.  How much will my payment be? |
| --- |

Any payment you are eligible to receive will be calculated using a formula applied to the total dollar amount of any Penny Arcade transactions you conducted during the Class Period. If any settlement funds remain after the Settlement Administrator applies the formula to all Settlement Class Members who are entitled to payments, and after accounting for any court-awarded litigation costs, the Settlement Administrator will attempt to distribute remaining funds on a pro rata basis. Each class member's exact payment cannot be determined now, but payments will be calculated by applying a multiplier of 0.26% (based on extensive third-party testing of machine accuracy) to identifiable class members' Penny Arcade transactions during the Class Period, after which any additional amount in the fund will be added pro rata to each class member's payment. This means payments to class members will likely be at least 26¢ per $100 exchanged using Penny Arcade during the Class Period. There is a limitation on the payment to a class member who did not hold an account at TD Bank at the time of the member's Penny Arcade transaction, if the class member is unable to provide suitable documentation, in which case the calculation of the claim payment will be based on a maximum transaction amount of $500.00 (see Question 14 below for additional details).

| 10.  When will I receive my payment? |
| --- |

Settlement Class Members who are entitled to automatic payments and/or submit valid Claims will receive their payments, either by account credit or by check or other means of funds transfer, only after the Court grants final approval to the Settlement and after any appeals are resolved (*see* "The Final Approval Hearing" below).  If there are appeals, resolving them can take time.  Please be patient.

| 11.  What am I giving up to stay in the Settlement Class? |
| --- |

Unless you exclude yourself from the Settlement, you cannot sue TD Bank, or bring a claim against TD Bank through arbitration, or be part of any other lawsuit or arbitration against TD Bank about the issues in this case.  (Arbitration is a process between consumers and businesses that uses a neutral person to resolve a dispute.)  Unless you exclude yourself, all of the decisions by the Court will bind you.  The Settlement Agreement is available at www.pennyarcadesettlement.com and describes the claims that you give up if you remain in the Settlement.

**HOW TO RECEIVE A PAYMENT**

| 12.  How can I receive a payment? |
| --- |

Payments will be made in two ways.

**Automatic Payments:**

Settlement Class Members who conducted Penny Arcade transactions during the Class Period while they held a TD Bank Account will receive payments from the Settlement automatically, either as an account credit (if the Settlement Class Member still holds a TD Bank Account when payments from the Settlement are made) or in the form of a check or other means of funds transfer (if the Settlement Class Member no longer holds a TD Bank Account when payments from the Settlement are made).

If you are entitled to an automatic payment, you do not have to do anything in order to receive that payment.  As long as you do not exclude yourself from the Settlement (*see* Question 16), the payment will be made automatically, either by a credit to your TD Bank Account or (if you no longer have a TD Bank Account) by check mailed to you at the address TD Bank has on file.  Please contact the Settlement Administrator if you change your address.

**Non-Automatic Payments:**

Settlement Class Members who conducted Penny Arcade transactions during the Class Period while they did not hold a TD Bank Account may receive payments from the Settlement by submitting a Claim Form (*see* Question 14).  Claim Forms may be filed at any time before the Claims deadline, which is October 27, 2017.

If your Claim is approved, payment will be issued to you by check mailed to the address listed on your Claim Form.  Please contact the Settlement Administrator if you change your address.

---

**13.  Can I get an automatic payment *and* submit a Claim?**

---

If you conducted some Penny Arcade transactions during the Class Period at a time when you held a TD Bank Account *and* you conducted *other* Penny Arcade transactions during the Class Period at a time when you did not hold a TD Bank Account, it is possible to get an automatic payment (for transactions as an Account holder) and submit a Claim for a non-automatic payment (for transactions as a non-Account holder).  However, you should submit a Claim only for those Penny Arcade transactions that you conducted when you did **not** hold an Account at TD Bank.

---

**14.  How do I submit a Claim for a non-automatic payment?**

---

You can submit a Claim online or by mail. You can view and print a paper Claim Form at www.pennyarcadesettlement.com. You can also request that a Claim Form be mailed to you by calling 1-855-312-1974, by emailing your request to the Settlement Administrator at questions@pennyarcadesettlement.com, or by writing to the Settlement Administrator at Penny Arcade Settlement, c/o GCG, PO Box 10470, Dublin, OH 43017-4070.  If you submit a Claim, you also must provide supporting information.  For each Penny Arcade transaction for which you are asking for a payment, you must provide: (1) the date of the Penny Arcade transaction, (2) the dollar amount of the Penny Arcade transaction, and (3) documentation sufficient to substantiate the Claim, if available.  If you are unable to provide documentation to substantiate your Claim, your Claim Distribution, if any, will be calculated based on a maximum transaction amount of $500.00.  The Settlement Administrator may also require you to provide additional documentation in order to receive payment.

**Claims must be uploaded to the website no later than October 27, 2017 and paper Claims must be postmarked no later than October 27, 2017 to:**

> Penny Arcade Settlement
> c/o GCG
> PO Box 10470
> Dublin, OH 43017-4070

You may submit a Claim *only* for Penny Arcade transactions you conducted during the Class Period at a time when you did not hold a TD Bank Account.  Payments for Penny Arcade transactions conducted during the Class Period by Settlement Class Members who held TD Bank Accounts at the time the transactions occurred will be made automatically without any need to submit a Claim.  Any Claim Form requesting a payment based on a Penny Arcade transaction conducted by a Settlement Class Member who held a TD Bank Account at the time of the transaction will not be considered.  However, you may submit a Claim based on any Penny Arcade transactions conducted during the Class Period while you did not hold a TD Bank Account, even if you think you may *also* be entitled to an automatic payment for different transactions.

---

**15.  How will my Claim be decided?**

---

After you submit your Claim, the Settlement Administrator will analyze your Claim and your supporting documents to confirm whether you are entitled to a payment.  If your application is incomplete or does not establish that you are entitled to a payment, the Settlement Administrator will notify you to correct any problems with your Claim.  If you fail to do so, your Claim will be denied.  The Settlement Agreement, available at www.pennyarcadesettlement.com, provides more detail on how Claims will be decided.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to receive benefits from the Settlement, and you want to keep the right to sue or proceed in arbitration against TD Bank about the legal issues in this case, then you must take steps to get out of the Settlement. This is called excluding yourself or "opting out" of the Settlement Class.

**16.  How do I get out of the Settlement?**

To exclude yourself from the Settlement, you must send a letter or other written document by mail to the Settlement Administrator. Your request must include:

- Your name, address, telephone number, and account number (if you hold a TD Bank Account);
- The statement, **"Please exclude me from the settlement in the action Filannino-Restifo v. TD Bank, N.A., No. 16-cv-2374"** or another similar statement clearly stating the case name and number and a desire to be excluded from the settlement; and
- Your signature.

**The deadline to exclude yourself from the Settlement is October 27, 2017.**

You must mail your exclusion request, postmarked no later than October 27, 2017, to Penny Arcade Settlement, c/o GCG, PO Box 10470, Dublin, OH 43017-4070. You cannot ask to be excluded over the phone, by email, or at the website.

**17.  If I do not exclude myself, can I sue or bring an arbitration against TD Bank for the same thing later?**

No. Unless you exclude yourself, you give up the right to sue or bring an arbitration against TD Bank for the issues that the Settlement resolves (regardless whether you actually receive a settlement payment). You must exclude yourself from the Settlement Class in order to try to maintain your own lawsuit or arbitration.

**18.  If I exclude myself, can I still get a payment?**

No. You will not get a payment or account credit if you exclude yourself from the Settlement.

## THE LAWYERS REPRESENTING YOU

**19.  Do I have a lawyer in the case?**

The Court has appointed several lawyers to represent all Settlement Class Members as "Settlement Class Counsel." They include:

Bruce H. Nagel
Nagel Rice, LLP
103 Eisenhower Parkway
Roseland, NJ 07068

Michael Criden
Criden & Love, P.A.
7301 SW 57th Court, Ste 515
South Miami FL 33143

Stephen P. DeNittis
DeNittis Osefchen Prince, P.C.
Five Greentree Centre
Suite 410
525 Route 73 N.
Marlton, NJ 08053

Jeffrey Smith
Wolf Haldenstein Adler Freeman & Herz, LLP
270 Madison Avenue
New York, New York 10016

John Radice
Radice Law Firm
34 Sunset Blvd
Long Beach, NJ 08008

You will not be charged for contacting these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**20.  How will the lawyers be paid?**

Class Counsel intend to request up to $1,935,000 in attorneys' fees. These attorneys' fees would be in addition to the Settlement Fund. Class Counsel will also request that special service payments of up to $65,000 be paid to the thirteen Class Representatives for their service as representatives on behalf of the whole Settlement Class. The fees and service payments will be paid by TD Bank, subject to the $2,000,000 maximum. The Court will decide the amount to award. In

addition, the Parties have agreed that Class Counsel can ask the Court to award up to $100,000 of litigation costs.  If the Court awards litigation costs to Class Counsel, those would be paid from the $7,500,000 Settlement Fund.

## OBJECTING TO THE SETTLEMENT

### 21.  How do I tell the Court if I do not like the Settlement?

If you are a member of the Settlement Class, you can object to any part of the Settlement, the Settlement as a whole, Class Counsel's requests for fees and costs, and/or the special service payments to the thirteen Class Representatives. To object, you must submit a letter that includes the following:

- Your name, address, email address, and telephone number;

- A statement that you had a Penny Arcade transaction at a TD Bank store during the class period, with any available supporting information: if an account holder at the time of the transaction, your account number; if a non-account holder, the date, location, and dollar amount of the transaction;

- A statement saying that **"I object to the settlement in the action Filannino-Restifo v. TD Bank, N.A., No. 16-cv-2374"** or a similar statement clearly stating the case name and number of one of the actions listed in Question 1 and a desire to object to the settlement;

- The reasons you object to the Settlement, along with any supporting materials;

- Information about objections you or your lawyer have made in other class action cases;

- Any lawyers who are representing you in your objection, or who have previously represented you in your objection;

- Whether you will attend or intend to testify (speak) at the Final Approval Hearing (see Questions 22 to 25);

- Any lawyers who will represent you at the Final Approval Hearing;

- Any witnesses you will ask to testify in support of your objection at the Final Approval Hearing; and

- Your signature.

**The deadline to object to the Settlement is October 27, 2017.**

The requirements to object to the Settlement are described in detail in the Settlement Agreement in paragraphs 82-83. You must mail your objection to <u>each</u> of the following three addresses, and your objection must be postmarked by October 27, 2017:

| | | |
|---|---|---|
| Clerk of the Court | Stephen P. DeNittis | David S. Lesser |
| U.S. District Court for the | DeNittis Osefchen Prince, P.C. | WILMER CUTLER PICKERING |
| District of New Jersey | Five Greentree Centre | HALE AND DORR LLP |
| Mitchell H. Cohen Building & | Suite 410 | 7 World Trade Center |
| U.S. Courthouse | 525 Route 73 N. | 250 Greenwich Street |
| 4th & Cooper Streets | Marlton, NJ 08053 | New York, NY 10007 |
| Room 1050 | | |
| Camden, NJ 08101 | | |

### 22.  What is the difference between objecting and asking to be excluded?

Objecting is simply telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you do not exclude yourself. Excluding yourself is telling the Court that you do not want to be part of the Settlement. If you exclude yourself, you have no basis to object to the Settlement because it no longer affects you.

## THE FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the Settlement and any requests for fees and expenses.  You may attend and you may ask to speak, but you don't have to do so.

**23. When and where will the Court decide whether to approve the Settlement?**

**The Court has scheduled a Final Approval Hearing on January 11, 2018.** The Final Approval Hearing will be held at [time] at the United States District Court for District of New Jersey, Camden Vicinage, located at Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Camden, NJ 08101. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check www.pennyarcadesettlement.com for updates. At this hearing the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court will also consider any request by Class Counsel for attorneys' fees, litigation costs, and service payments to Class Representatives. If there are objections, the Court will consider them at that time. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take.

**24. Do I have to attend the hearing?**

No. Class Counsel will answer questions the Court may have. But you are welcome to attend the hearing at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you submitted your written objection on time, to the proper addresses, and it complies with the other requirements described in paragraphs 82 and 83 of the Settlement Agreement, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

**25. May I speak at the hearing?**

You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must send a letter saying that you intend to appear and wish to be heard. Your letter must include the following:

- Your name, address and telephone number;
- A statement that this letter is your "Notice of Intention to Appear" at the Final Approval Hearing for the TD Bank Settlement;
- The reasons you want to be heard;
- Copies of any papers, exhibits, or other evidence or information that you will present to the Court; and
- Your signature.

You must send copies of your Notice of Intention to Appear, postmarked by October 27, 2017, to all three addresses listed in Question 21. You cannot speak at the hearing if you exclude yourself from the Settlement.

**GETTING MORE INFORMATION**

**26. How do I get more information?**

This notice summarizes the proposed Settlement. More details are in the Settlement Agreement. For a complete, definitive statement of the Settlement terms, refer to the Settlement Agreement at www.pennyarcadesettlement.com. You also may write with questions to the Settlement Administrator at Penny Arcade Settlement, c/o GCG, PO Box 10470, Dublin, OH 43017-4070 or call the toll-free number, 1-855-312-1974.