## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| REGINA C. FILANNITO-RESTIFO, on Behalf Of Herself and All Others Similarly Situated<br>    **Plaintiffs** | : : : : | Case No. 16-2374 (JBS-JS) |
| vs. | : : | |
| TD BANK, N.A.<br>    **Defendant** | : : : | |
| DAVID DIAZ and RYAN FRANCO,<br>Individually and on Behalf of All Others Similarly Situated<br>    **Plaintiffs** | : : : : : | Case No. 16-2395 (JBS-JS) |
| vs. | : : | |
| TD BANK, N.A.<br>    **Defendant** | : : : | |
| NONA LUCE, On Behalf of Herself and All Others Similarly Situated<br>    **Plaintiffs** | : : : : | Case No. 16-2621 (JBS-JS) |
| vs. | : : | |
| TD BANK, N.A.<br>    **Defendant** | : : : | |
| DAVID SPECTOR, on Behalf of Himself and All Others Similarly Situated<br>    **Plaintiffs** | : : : : | Case No. 16-2682 (JBS-JS) |
| vs. | : : | |
| TD BANK, N.A.<br>    **Defendant** | : : : | |

| | | |
|---|---|---|
| **DAVID McENERNEY, on Behalf of Himself and**<br>**All Others Similarly Situated**<br>　　　　**Plaintiffs** | : | **Case No. 16-2918 (JBS-JS)** |
| | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **TD BANK, N.A.**<br>　　　　**Defendant** | : | |
| | : | |
| **CHRISTINE KRULAN, Individually and on**<br>**Behalf of All Other Persons Similarly Situated**<br>　　　　**Plaintiffs** | : | **Case No. 16-2919 (JBS-JS)** |
| | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **TD BANK, N.A.**<br>　　　　**Defendant** | : | |
| | : | |
| **JUAN CARLOS MACIAS, Individually and on**<br>**Behalf of All Other Persons Similarly Situated**<br>　　　　**Plaintiffs** | : | **Case No. 16-3420 (JBS-JS)** |
| | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **TD BANK, N.A.**<br>　　　　**Defendant** | : | |
| | : | |
| **JEFFREY FEINMAN, Individually and on**<br>**Behalf of All Other Persons Similarly Situated**<br>　　　　**Plaintiffs** | : | **Case No. 16-3435 (JBS-JS)** |
| | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **TD BANK, N.A.**<br>　　　　**Defendant** | : | |

## OBJECTION

Objectors Erin Caligiuri and American Realty Concepts LLC hereby object to the

Settlement in *Regina C. Filannito-Restifo, et. al. v. TD Bank, N.A.*, Case No. 16-2374 (JBS-JS);

*David Diaz, et. al. v. TD Bank, N.A.*, Case No. 16-2395 (JBS-JS); *Nona Luce, et. al. v. TD Bank,*

*N.A.*, Case No. 16-2621 (JBS-JS); *David Spector, et. al. v. TD Bank, N.A.*, Case No. 16-2682 (JBS-JS); *David McEnerney, et. al. v. TD Bank, N.A.*, Case No. 16-2918 (JBS-JS); *Christine Krulan, et. al. v. TD Bank, N.A.*, Case No. 16-2919 (JBS-JS); *Juan Carlos Macias, et. al. v. TD Bank, N.A.*, Case No. 16-3420 (JBS-JS); and *Jeffrey Feinman, et. al. v. TD Bank, N.A.*, Case No. 16-3435 (JBS-JS) as follows:

## PRELIMINARY STATEMENT

Erin Caligiuri, formerly Erin Hinkle, of 14 West Grandview Avenue, Sellersville, Pennsylvania 18960, is a class member in *Regina C. Filannito-Restifo, et. al. v. TD Bank, N.A.*, Case No. 16-2374 (JBS-JS); *David Diaz, et. al. v. TD Bank, N.A.*, Case No. 16-2395 (JBS-JS); *Nona Luce, et. al. v. TD Bank, N.A.*, Case No. 16-2621 (JBS-JS); *David Spector, et. al. v. TD Bank, N.A.*, Case No. 16-2682 (JBS-JS); *David McEnerney, et. al. v. TD Bank, N.A.*, Case No. 16-2918 (JBS-JS); *Christine Krulan, et. al. v. TD Bank, N.A.*, Case No. 16-2919 (JBS-JS); *Juan Carlos Macias, et. al. v. TD Bank, N.A.*, Case No. 16-3420 (JBS-JS); and *Jeffrey Feinman, et. al. v. TD Bank, N.A.*, Case No. 16-3435 (JBS-JS). The email address of Erin Caligiuri is erin.caligiuri82@gmail.com and her telephone number are is 267-517-1656. Erin Caligiuri had a Penny Arcade transaction at a TD Bank store during the class period and received reference numbers of 08963541 and 06546929. Objector Erin Caligiuri had account at TD Bank years ago but during the Class Period. Due to the amount of time that has elapsed, Objector Erin Caligiuri but does not recall the account numbers.

American Realty Concepts, LLC, with an address of 3953 Ridge Pike Suite 102, Collegeville, Pennsylvania 19426 is also a class member in *Regina C. Filannito-Restifo, et. al. v. TD Bank, N.A.*, Case No. 16-2374 (JBS-JS); *David Diaz, et. al. v. TD Bank, N.A.*, Case No. 16-2395 (JBS-JS); *Nona Luce, et. al. v. TD Bank, N.A.*, Case No. 16-2621 (JBS-JS); *David Spector,*

*et. al. v. TD Bank, N.A.*, Case No. 16-2682 (JBS-JS); *David McEnerney, et. al. v. TD Bank, N.A.*, Case No. 16-2918 (JBS-JS); *Christine Krulan, et. al. v. TD Bank, N.A.*, Case No. 16-2919 (JBS-JS); *Juan Carlos Macias, et. al. v. TD Bank, N.A.*, Case No. 16-3420 (JBS-JS); and *Jeffrey Feinman, et. al. v. TD Bank, N.A.*, Case No. 16-3435 (JBS-JS). The email address of American Realty Concepts, LLC is admin@americanRealtyconceptsllc.com and its telephone number is 610-489-8585. American Realty Concepts, LLC had a Penny Arcade transaction at a TD Bank store during the class period and received a reference number of 06797981. Objector American Realty Concepts had account at TD Bank years ago but during the Class Period. Due to the amount of time that has elapsed, Objector American Realty Concepts but does not recall the account numbers.

Erin Caligiuri's Claim is attached hereto as Exhibit "A," and American Realty Concepts, LLC's Claim is attached hereto as Exhibit "B." Brent F. Vullings, Esq., counsel for Objectors Erin Caligiuri and American Realty Concepts, LLC, will not appear at the Fairness Hearing.

## INADEQUATE RELIEF FOR CONSUMERS WITH PRE-1965 COINS

Interestingly, none of the documents submitted by Class Counsel describe the method used to test the Penny Arcade machines. The proposed multiplier is understated. Objector Yuri Aaron Lozzo describes an error of 13.98% [Doc. 48]. Under certain circumstances, the margin of error is much higher. The fact is that uncounted coins routinely fall to the bottom of the Penny Arcade machines. In fact, dimes, quarters and half dollars minted prior to 1965 fell to the bottom of Penny Arcade machines as uncounted. Pre-1965 dimes, quarters, and half dollars were composed of 90% silver. Post-1965 dimes, quarters, and half dollars are composed mostly of copper. Silver is heavier than copper. Post-1965 dimes, quarters and half dollars weigh approximately 10% less than their pre-1965 counterparts. An additional defect inherent in the

Penny Arcade machines was their failure to account for such coins. Such coins did not even deposit into the Penny Arcade bags. Former and/or current employees of Defendant TD Bank would have knowledge of such additional mechanical defects as to the ability to count such coins by the Penny Arcade machines because these employees were responsible for routinely emptying the machines whereby these pre-1965 coins were discarded to the bottom of the machine and outside any gathering receptacle. Despite Defendant TD Bank's knowledge of this issue and knowledge of the resulting defrauding of consumers, Defendant TD Bank's Penny Arcade machines never had any disclosure alerting consumers to this fact. These uncounted coins represented profit for Defendant TD Bank. Consumers who unwittingly placed their pre-1965 dimes, quarters and half dollars in Defendant TD Bank's Penny Arcade during the Class Period did so to receive no compensation whatsoever. Besides being defrauded of the face value of their coins, such consumers were defrauded of the melt value of approximately fifteen times the face value of such coins amounting to thousands or perhaps hundreds of thousands of dollars in ill-gotten profit to Defendant TD Bank over the Class Period. Many consumers who routinely used the Penny Arcade machines did so with numerous pre-1965 coins. Defendant TD Bank had knowledge that they were defrauding such consumers throughout the entire Class Period as its own employees emptied the Penny Arcade machines on a daily basis. Upon information and belief, these employees would gather the uncounted coins and deposit them into suspense accounts. How about those employees who were aware of such uncounted coins and never took the appropriate steps to make sure such coins were accounted for or even deposited in such suspense accounts but rather disposed of in some other fashion? Such suspense accounts have neither been accounted for nor added to the compensation for the Class in the proposed Settlement. For such Class Members to receive no additional compensation is unquestionably

unreasonable, inadequate and unfair. Further investigation must be done and the Settlement Fund must be drastically increased to properly compensate such defrauded Class Members.

## OTHERWISE INADEQUATE RELIEF

The Class Members defrauded in the above described manner aside, the Class as a whole cannot determine the reasonableness, adequacy, or fairness of the cash relief because Class Counsel neither indicates the Class size in the notice or in its Motion for Approval of Attorneys' Fees and Expenses. Not only does Class Counsel not indicate the Class size, but the settlement fund is capped. Despite this, Class counsel claim, without basis, that "the settlement provides the Settlement Class with significant monetary relief, which Plaintiffs estimate to be at least 100% of what could have been recovered at trial." However, the Class cannot determine settlement fairness without knowing exactly how many people are valid Class Members. The Settlement Agreement contemplates that Class members receive a "pro rata share" of the Settlement Fund. Is that after fees, notice and administrative costs, and incentive awards? Does this take into account the average claims rate for partial claims-made settlements? It is well documented that claims-made settlements have an average claims rate of about 9% or less. How many claims have been submitted to date? It is unfair to the Class that not all Class Members, who fully release all of all claims, will receive adequate payment.

The Settlement Agreement is overbroad and unfair to the Class. Defendants allegedly engaged in widespread fraud; however there or no non-monetary benefits to the class and public that would prevent defendants from engaging in similar conduct in the future. The Court should order some form of injunctive relief against the Defendant to the benefit of the Class and the public.

## EXCESSIVE INCENTIVE AWARD

The requested incentive award is excessive and unfair to the Class. Incentive awards are appropriate if compensation would be necessary to induce an individual to become a named plaintiff in the suit (see *Montgomery v. Aetna Plywood, Inc*, 231 F.2d 399, 410 (7th Cir. 2000)). Regardless of whether or not an incentive award would be necessary to induce an individual to become a named plaintiff, a lead plaintiff's participation must still justify the award request (see *Cook v. Niedert*, 142 D.3d 1004, 1016 (7th Cir. 1998)). What did the named Plaintiffs do to protect the interests of the class? To what degree did the class benefit from those actions? How much time and effort did they expend in pursuing the litigation? The purpose of an incentive award is to compensate named plaintiffs for the risks they take and their role as a class fiduciary. Here, a $65,000 incentive award request for the class representative is excessive, unreasonable, and unfair to the Class without an explanation justifying such a premium. This is an average of $5,000.00 per named Plaintiff. Such amount is unreasonable in comparison to the results achieved for Class Members. If class representatives and their attorneys routinely expect the Court to award thousands of dollars in awards on top of their share of the settlement benefits, class representatives may be tempted to accept suboptimal settlements at the expense of the class members whose interests they are appointed to protect. The Class has no way of knowing how much they will receive, as described above, and thus has no way of knowing how this incentive award compares to each Class member's award. Will the named Plaintiffs receive an incentive award on top of his Class benefits? The named Plaintiffs should not be permitted to collect both Class Benefits and an incentive award.

## ADEQUATE AND FAIR FOR ALL INVOLVED, EXCEPT THE CLASS

Class counsel stands to make One Million, Nine Hundred Thirty Five Thousand Dollars ($1,935,000) in the present matter. The Administrators stand to make One Hundred Thousand Dollars ($100,000) in the present matter. The Named Plaintiffs stand to make Sixty Five Thousand Dollars ($65,000) in the present matter. Out of the settlement, this leaves only Five Million, Four Hundred Thousand Dollars ($5,400,000) in cash compensation for the class. How can this possibly be adequate and fair to the Class which is still unknown and continued to increase? It couldn't be, and it isn't.


WHEREFORE, Objectors Erin Caligiuri and American Realty Concepts, LLC object to the Settlement in *Regina C. Filannito-Restifo, et. al. v. TD Bank, N.A.*, Case No. 16-2374 (JBS-JS); *David Diaz, et. al. v. TD Bank, N.A.*, Case No. 16-2395 (JBS-JS); *Nona Luce, et. al. v. TD Bank, N.A.*, Case No. 16-2621 (JBS-JS); *David Spector, et. al. v. TD Bank, N.A.*, Case No. 16-2682 (JBS-JS); *David McEnerney, et. al. v. TD Bank, N.A.*, Case No. 16-2918 (JBS-JS); *Christine Krulan, et. al. v. TD Bank, N.A.*, Case No. 16-2919 (JBS-JS); *Juan Carlos Macias, et. al. v. TD Bank, N.A.*, Case No. 16-3420 (JBS-JS); and *Jeffrey Feinman, et. al. v. TD Bank, N.A.*, Case No. 16-3435 (JBS-JS) for the reasons outlined herein.


Dated: October 26, 2017

Vullings Law Group, LLC

By: _____

Brent F. Vullings, Esq.

_____
Objector Erin Caligiuri

Vullings Law Group, LLC
3953 Ridge Pike Suite 102
Collegeville, PA 19426
610-489-6060

_____
Objector American Realty Concepts, LLC

*Attorney for Objectors*
*Erin Caligiuri &*
*American Realty Concepts, LLC*