## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| REGINA C. FILANNINO-RESTIFO, on Behalf of Herself and All Others Similarly Situated,<br><br>                              Plaintiff,<br>          -vs.-<br><br>TD BANK, N.A,<br><br>                              Defendant. | Case No.: 16-2374 (JBS-JS) |
| DAVID DIAZ and RYAN FRANCO, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiffs,<br>          -vs.-<br><br>TD BANK, N.A,<br><br>                              Defendant. | Case No.: 16-2395 (JBS-JS) |
| NONA LUCE, on Behalf of Herself and All Others Similarly Situated,<br><br>                              Plaintiff,<br>          -vs.-<br><br>TD BANK, N.A,<br><br>                              Defendant. | Case No.: 16-2621 (JBS-JS) |
| DAVID SPECTOR, on Behalf of Himself and All Others Similarly Situated,<br><br>                              Plaintiff,<br>          -vs.-<br><br>TD BANK, N.A,<br><br>                              Defendant. | Case No.: 16-2682 (JBS-JS) |

| | |
|---|---|
| DAVID McENERNEY, on Behalf of Himself and All Others Similarly Situated,<br><br>        Plaintiff,<br>  -vs.-<br><br>TD BANK, N.A,<br>        Defendant. | Case No.: 16-2918 (JBS-JS) |
| CHRISTINE KRULAN, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>        Plaintiffs,<br>  -vs.-<br><br>TD BANK, N.A,<br>        Defendant. | Case No.: 16-2919 (JBS-JS) |
| JUAN CARLOS MACIAS, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>        Plaintiffs,<br>  -vs.-<br><br>TD BANK, N.A,<br>        Defendant. | Case No.: 16-3420 (JBS-JS) |
| JEFFREY FEINMAN, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>        Plaintiffs,<br>  -vs.-<br><br>TD BANK, N.A,<br>        Defendant. | Case No.: 16-3435 (JBS-JS) |

**ORDER GRANTING CLASS CERTIFICATION OF A SETTLEMENT CLASS AND FINAL APPROVAL OF A PROPOSED CLASS ACTION SETTLEMENT, GRANTING PLAINTIFFS' COUNSEL'S APPLICATION FOR ATTORNEYS' FEES AND LITIGATION COSTS, AND GRANTING REPRESENTATIVE PLAINTIFFS A SERVICE AWARD**

THIS MATTER having been opened to the Court by Class Counsel, on behalf of Regina C. Filannino-Restifo, David Diaz, Ryan Franco, Nona Luce, David Spector, David McEnerney, Christine Krulan, Juan Carlos Macias, Crossroad Foundation, Andrew Sobczak, Alexis Mullen, Tracy Olechowski and Jeffrey Feinman (the "Representative Plaintiffs") by way of their unopposed motions for final approval of their proposed settlement with TD Bank, N.A. ("TD Bank") (together with Representative Plaintiffs, the "Parties") and for an award of Attorneys' Fees and Litigation Costs to Class Counsel and a Service Award to Representative Plaintiffs in the above Actions;

WHEREAS, the Court having reviewed and considered the motions and supporting materials filed by Class Counsel, and having also reviewed the court file in these Actions;

WHEREAS, this Court has fully considered the record and the requirements of law; and good cause appearing;

WHEREAS, the Court finds that the Settlement Agreement was entered into at arm's length by experienced counsel and only after mediation and extensive negotiations and is not the result of collusion; and

WHEREAS, the Court granted Representative Plaintiffs' Motion for Preliminary Approval of the Settlement Agreement on July 12, 2017, and conditionally certified the Settlement Class solely for purposes of settlement (ECF No. 43) ("Preliminary Approval Order"); and

WHEREAS, pursuant to the Settlement Agreement and the Court's Preliminary Approval Order, a class list was compiled from a review of the records of TD Bank. Following that review, a total of approximately 5.1 million Account holders were identified. Settlement Class

Members were thereafter provided with notice and an opportunity to object to the Settlement or opt-out of the Settlement Class; and

WHEREAS, the Court conducted a fairness hearing on January 11, 2018; and

WHEREAS, the Court has fully considered the record of these proceedings, the representations, argument, and recommendation of counsel for the Parties, and the requirements of law and good cause appearing,

IT IS THIS **11th** day of \_\_\_\_**January**\_\_\_\_, 2018,

ORDERED that the Final Approval and Judgment is GRANTED, subject to the following terms and conditions:

1. **Definitions**.  Unless otherwise provided herein, the Court adopts and incorporates the definitions to all capitalized terms in the Settlement Agreement and those defined terms shall have the same meaning in this Order.

2. **Approval of Settlement Agreement**.  The Court finds, upon review of the Settlement Agreement and consideration of the nine factors enunciated in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975), that the Settlement and the proposed payment distribution program provided for in the Settlement are fair, reasonable and adequate.  Accordingly the terms of the Settlement, including all exhibits thereto, are approved in their entirety by the Court and incorporated into this Order as if expressly set forth and shall have the same force and effect as an Order of the Court.   The Parties and their counsel are ordered to implement and to consummate the Settlement Agreement according to its terms and provisions.  The releases set forth in the Settlement Agreement are incorporated by reference.

3. **Approval of Settlement Class**. This Court certifies the following Settlement Class for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and (b)(3), including because the proposed Settlement Class is currently and readily ascertainable based on objective criteria:

> **All persons in the United States who, between April 11, 2010 and Preliminary Approval, used a TD Bank Penny Arcade machine to exchange coins for a credit to a TD Bank Account or for cash. Excluded from the Settlement Class are all current TD Bank employees, officers and directors, counsel for TD Bank, Class Counsel, the judges presiding over the Actions, and the immediate family members of such judges, and any and all Settlement Class Members who timely and validly requested exclusion from the Settlement Class.**

The Court finds that the Settlement Class meets all the applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, affirms certification of the Settlement Class for settlement purposes, and approves the Settlement set forth in the Agreement as being fair, just reasonable, and adequate. Specifically, the Court finds and concludes:

a. The Settlement Class is so numerous that joinder of all members is impracticable, satisfying the requirement of Rule 23(a)(1);

b. There are questions of law or fact common to the Settlement Class, satisfying the requirements of Rule 23(a)(2) and Rule 23(c)(1)(B);

c. The claims of the Representative Plaintiffs are typical of the claims of the Settlement Class, satisfying the requirements of Rule 23(a)(3);

d. The Representative Plaintiffs will fairly and adequately protect the interests of the Settlement Class, the interests of the Representative Plaintiffs are not antagonistic to those of the Settlement Class, and the Representative Plaintiffs are represented by counsel who are experienced and competent in the prosecution of complex class action litigation, satisfying the requirements of Rule 23(a)(4);

    e.   Questions of law or fact common to the members of the Settlement Class predominate over questions affecting only individual members, and a class action is superior to other methods available for the fair and efficient adjudication of the controversy, satisfying the requirements of Rule 23(b)(3); and

    f.   The action is manageable as a class action.

4. **Approval of Plan of Allocation**.  The plan of allocation described in the Settlement Agreement and Long Form Notice is approved as fair, reasonable, and adequate to the Settlement Class Members, and the Parties and the Settlement Administrator are directed to administer the Settlement accordingly.

5. **Adequacy of Notices**.  The Court finds that due and adequate Notices were provided pursuant to Rule 23 of the Federal Rules of Civil Procedure to all members of the Settlement Class, notifying the Settlement Class of, *inter alia*, the pendency of this action and the proposed Settlement.  The Notices provided were the best notice practicable under the circumstances and included individual notice by email or first class mail to all members of the Settlement Class who could be identified through reasonable effort.  The Notices provided to the Settlement Class fully complied in all respects with the requirements of Rule 23.

6. **Opt-Out Settlement Class Members**.  In accordance with the terms of the Settlement Agreement, Class Counsel filed under seal with this Court a schedule of all Settlement Class Members who have timely and validly requested to be excluded from the Settlement Class and accordingly are not included in or bound by this Final Judgment and Order. The Settlement Class Members who have opted-out are not entitled to receive any

reimbursement as described in the Settlement Agreement, Long Form Notice, Postcard Notice or Claim Form.

7. **Approval of Class Representatives**.  Based upon the Court's familiarity with the claims and parties, the Court finds that the Representative Plaintiffs adequately represent the interests of the Settlement Class and hereby appoint the Representative Plaintiffs as Class Representatives.

8. **Approval of Class Counsel**. The Court hereby appoints Bruce H. Nagel of Nagel Rice, LLP ("Nagel"), Michael Criden of Criden & Love, P.A. ("Criden"), Jeffrey Smith of Wolf Haldenstein Adler Freeman & Herz, LLP ("Wolf"), and John Radice of Radice Law Firm ("Radice") as Class Counsel pursuant to Rule 23(g) and preliminarily finds that they fairly and adequately represent the interests of the Settlement Class. The Court further appoints Stephen DeNittis to serve as liaison counsel for the Settlement Class in these Actions.

9. **Binding**.  The terms of this Final Approval Order and Judgment and the Settlement are binding on the Representative Plaintiffs and all members of the Settlement Class who have not timely and validly opted-out and shall have *res judicata*, collateral estoppel, and all other preclusive effect in any claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interests, or expenses that were or could have been asserted in these Actions.

10. **Dismissal With Prejudice of Complaints**.  The Complaints in the Actions are dismissed with prejudice.

11. **Dismissal of Released Claims**.  All Released Claims (as defined in the Settlement Agreement) that were asserted against TD Bank, N.A. in these Actions are dismissed with prejudice.  Furthermore, Representative Plaintiffs and the Settlement Class are barred and permanently enjoined from instituting or prosecuting any Released Claims against TD Bank, N.A., whether or not such Released Claims were asserted in the Actions.

12. **Disbursement of Claims**.  The Parties and the Settlement Administrator shall distribute the proceeds of the Settlement Fund, in accordance with the terms of the Settlement Agreement.

13. **Class Counsel's Attorneys' Fees**.  Class Counsel is hereby awarded reasonable Attorneys' Fees in the amount of $__1,935,000____ and costs in the amount of $__82,760.17____.  These amounts shall be paid and distributed in accordance with the Settlement Agreement.

14. **Representative Plaintiffs' Service Award**.  Each Representative Plaintiff is hereby awarded a Service Award in the amount of $__5,000_____.  This Service Award shall be paid and distributed in accordance with the Settlement Agreement.

15. **Ongoing Jurisdiction**.  Without affecting the finality of this Final Approval Order and Judgment, the Court shall retain continuing jurisdiction over this action, the Parties and the Settlement Class, for the purposes of, *inter alia*, implementing and enforcing the Settlement Agreement (including any issue that may arise in connection with the formation and/or administration of the Settlement Fund).

16. **No Admission**. Neither this Order nor the Settlement Agreement nor any other Settlement-related document nor anything contained herein or therein or contemplated hereby or thereby nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein, or in any other Settlement-related document, shall constitute, be construed as or be deemed to be evidence of, or an admission or concession by the Parties as to the validity of any claim that has been or could have been asserted against any or all of them or as to the propriety of class certification for any purposes other than for purposes of the current proposed Settlement.

Dated: **January 11, 2018**          **s/ Jerome B. Simandle**
                                     **JEROME B. SIMANDLE, U.S.D.J.**